# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LARA, | CASE NO. 1:10-cv-01488-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| FERNANDO GONZALES, | (Doc. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Larry Lara, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic
3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6  conclusions are not.  Iqbal, 129 S.Ct. at 1949.

7  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
8  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
9  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct.
10 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
11 of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,
12 572 F.3d at 969.

13 **II.    Plaintiff's Due Process Claim**

14 **    A.    Allegations**

15 Plaintiff alleges that he was housed in administrative segregation at the California
16 Correctional Institution in Tehachapi for one-hundred thirty-three days, in violation of his right to
17 due process of law.  Plaintiff names Warden Fernando Gonzales as the sole defendant and he seeks
18 damages.

19 **    B.    Supervisory Liability**

20 Under section 1983, Plaintiff must demonstrate that each named defendant personally
21 participated in the deprivation of his rights.  Iqbal, 129 S.Ct. 1937 at 1948-49; Simmons v. Navajo
22 County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218,
23 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Supervisors may only be held liable if they
24 "participated in or directed the violations, or knew of the violations and failed to act to prevent
25 them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233,
26 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.
27 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.
28 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff's complaint is devoid of

1 any facts linking Defendant Gonzales to his placement in administrative segregation without due 2 process, and liability may not be imposed on Defendant under the theory of respondeat superior. 3 Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.  Accordingly, Plaintiff's claim fails on linkage 4 grounds.

### C. Placement in Administrative Segregation

In addition, Plaintiff fails to allege any facts showing a due process violation occurred.  The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a recognized liberty interest in remaining free from administrative segregation, and his allegations that he did not qualify for placement there and that he faced potential danger while housed there are insufficient to show that one has been created.  Wilkinson, 545 U.S. at 221; Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Further, Plaintiff fails to allege any facts supporting his conclusory claim that he was denied due process.  Plaintiff is entitled to very limited procedural protections regarding placement in administrative segregation and what procedural steps were or were not taken is entirely unclear from the complaint.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  For these reasons, Plaintiff fails to state a cognizable due process claim, the aforementioned linkage deficiency notwithstanding.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Because Plaintiff has not previously been notified of the deficiencies in his claim, the Court will provide him with one opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed August 18, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **August 23, 2011**            /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE